# Cowanshannock Poor District, Appellant, v. Armstrong County.

*Statutes—Construction—Judicial inquiry.*

Where the words of a statute are plainly expressive of an intent, not rendered dubious by the context, the question whether the same reasons that impelled the legislature to enact the law would justify a still broader provision is not the subject of judicial inquiry.

*Poor laws—Burial of pauper—County—Notice to commissioners—Act of March* 6, 1903, P. L. 18.

A poor district cannot recover from a county under the Act of March 6, 1903, P. L. 18, the expenses of burying a pauper who had no settlement in the state, if it appears that such expenses were paid before any notice was given to the county commissioners.

Argued May 14, 1906. Appeal, No. 67, April T., 1906, by plaintiff, from judgment of C. P. Armstrong Co., Sept. T., 1905, No. 23, for defendant on case stated in suit of Cowanshannock

Poor District v. Armstrong County. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Case stated to determine liability to bury a pauper.

PATTON, P. J., filed the following opinion :

August 16, 1905 : The case stated is brought under the Act of March 6, 1903, P. L. 18, by the poor district to recover from the county the expenses sustained by the plaintiff in the burial of a certain Frank Shrefrick, a pauper, who died in said district, but had no legal place of settlement in the state of Pennsylvania.

By an opinion this day filed in the case of Parks Township Poor District v. Armstrong County, we held that the county is not liable for any such expense incurred before notice to its commissioners. The case stated shows that the expenses were incurred on March 17, 1905, and the county had no notice until April 18, 1905. This in our opinion was too late. We are of the opinion that it was the duty of the overseers to furnish aid to the pauper as soon as required, and that it should be paid for by the proper poor district up until such time as they notify the county commissioners. After the notice was given then the burden was shifted from the poor district to the county. The purpose of this act of assembly was to spur the overseers to prompt action, if they desired to hold the county liable. If a delay of one month was excusable, so would be the delay of one year, and thus the provisions of the act of assembly are frittered away. If we hold all parties to the words of the act of assembly, no injustice is done. At most, the poor district would only have to pay such expenses as were incurred from the time that they were rendered until notice was given to the county commissioners, which at most could be but for a few days, and would not be an unjust or undue burden on the poor district. For further reasons for reaching the above conclusion, we refer to the opinion this day filed in the case of the Overseers of the Poor of Parks Township v. Armstrong County, No. 27, Sept. Term, 1905.

And now, August 16, 1905, judgment is entered in favor of Armstrong county and against the overseers of the poor of

388 COWANSHANNOCK, Appellant, *v.* ARMSTRONG CO.

Opinion of Court below—Opinion of the Court. [31 Pa. Superior Ct.

Cowanshannock township, for costs. To which order and decree plaintiff excepts and at its request bill of exceptions sealed.

*Error assigned* was judgment of the court.

*Floy C. Jones,* for appellant.—The legislature will be presumed to have intended what is reasonable and effectual, and not what is productive of absurd or anomalous consequences, or is impossible or incapable of execution: Howard Assn.'s Appeal, 70 Pa. 344; Pittsburg Brewing Co.'s License, 12 Pa. Superior Ct. 176; Baker v. Gartside, 86 Pa. 498.

Without a previous order of relief, a physician may recover for services to a sick pauper, provided such order be subsequently sustained: Directors of House of Employment v. Murry, 32 Pa. 178; Blakeslee v. Chester County Poor Directors, 102 Pa. 274; Neale v. Plumcreek Twp. Overseers, 12 Pa. C. C. Rep. 649.

Where a number of statutes form a system, all are to be considered, together with the general purpose of the series, in construing any one doubtful or apparently unjust statute: Brady St., 99 Pa. 591; West Branch Lumberman's Exchange v. Lutz, 2 Pa. Superior Ct. 91; Com. v. Vetterlein, 21 Pa. Superior Ct. 587; Howard Assn.'s App., 70 Pa. 344; Pettit v. Fretz, 33 Pa. 118.

*E. O. Golden,* for appellee, cited: Perry County Poor Directors v. Chillisquaque Twp. Overseers of Poor, 110 Pa. 153; Barnes v. Com., 2 Penny. 506.

PER CURIAM, June 30, 1906:

The Act of March 6, 1903, P. L. 18, was passed to relieve poor districts by imposing a liability on counties which had not existed before. The extent to which the poor districts were to be thus relieved was for the legislature to determine. Under the plain words of the act the liability arises "from and after such notice" as is prescribed therein. We find nothing in the context or in legislation in pari materia to qualify these words; therefore there is no ground for reasonable implication of a legislative intent to create liability before such notice. Where the words of a statute are plainly expressive of an

intent, not rendered dubious by the context, the question whether the same reasons that impelled the legislature to enact the law would justify a still broader provision is not the subject of judicial inquiry. But if this were a matter to be reasoned about by the courts, we think the learned judge below has shown quite clearly that the provision of the statute under which the liability of the county arises "from and after such notice " is a wise one, and ought not to be impaired by judicial construction.

Judgment affirmed.