## Frost *v.* Metropolitan Life Insurance Company, Appellant.

Argued January 29, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

538

John J. Pentz, with him Ross H. Pentz and Harry Cole Bates, for appellant.

John C. Arnold, with him W. Harrison Walker and D. Edward Chaplin, for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 25, 1940:

An action of assumpsit was instituted by the appellee, Preston A. Frost, as guardian of the minor children of Emerson E. Weiser, deceased, to recover the proceeds of a $5,000 term policy of life insurance issued by the appellant company to Weiser.

Appellee's statement of claim avers the execution by Weiser and appellant of the $5,000 contract of insurance which is set forth as Exhibit A. Attached to the policy were an instrument designated "Accidental Death Benefit" and a photostatic copy of an application for insurance which on its face is an application by Weiser for a previously issued $10,000 policy, denominated Exhibits B and C, respectively. Appellee alleges that these were the only papers attached to the policy and that no other papers were thereto attached. The appellant denies this in its affidavit of defense, alleging that prior to the delivery of the $5,000 policy the insured executed an additional paper, which affirmed and amended the application for the previously issued $10,000 policy, making it also an application for the $5,000 policy, and that this paper, appellant's Exhibit A, was attached to the policy "by placing the same in said policy" and delivering the policy "with the said amendment and affirm-

ance duly executed, folded therein, to the insured." The appellant then alleges, by way of defense, that false answers were made by Weiser in the application, appellee's Exhibit C, and the nonliability of the appellant by reason thereof.

Appellee filed a motion for judgment for want of a sufficient affidavit of defense for the reason, inter alia, that the appellant had not averred that "a true and correct copy of any modification agreement was attached to said policy." From judgment so entered, in favor of appellee, the present appeal was taken.

The sole question presented by this appeal is whether this amendment and affirmance of the original application was "attached" to the policy in question within section 318 of the Act of May 17, 1921, P. L. 682 (reënacting the Acts of May 11, 1881, P. L. 20, and June 23, 1885, P. L. 134). Appellant concedes that unless the paper was attached as required by that Act, then under the decision of this Court in *Fidelity Title & Trust Co. v. Metropolitan Life Ins. Co.*, 305 Pa. 296, the insurer may not introduce the attached application into evidence for the purpose of proving by way of defense that false answers were made by the insured in the application, notwithstanding that the application bears the number of the $5,000 policy herein involved as well as the number of the previously issued $10,000 policy in connection with which it was taken, and that judgment was properly entered against it by the court below for want of a sufficient affidavit of defense.

The Act of 1921 provides as follows: "All insurance policies . . . in which the application of the insured, the constitution, by-laws, or other rules of the company form part of the policy or contract between the parties . . . *shall contain, or have attached to said policies,* correct copies of the application as signed by the applicant, or the constitution, by-laws, or other rules referred to, *and, unless so attached and accompanying the policy,* no such application, constitution, or by-laws, or other rules

shall be received in evidence in any controversy between the parties to, or interested in, the policy, nor shall such application, constitution, by-laws, or other rules be considered part of the policy or contract between such parties."

The court below held that the paper in question was not "attached" as required by the act, saying "Certain rules must be followed in connection with the interpretation of the language used in the statutes. The hardship or equity of a case cannot override the plain words of a statute but the Legislature, not the Court, must correct the evil: *City of Scranton v. Silkman,* 113 Pa. 191; *Morris v. Bladerston,* 2 Brewster 459. Where the language and meaning are clear, the courts will not inquire whether the same reasons which compelled the Legislature to amend the law would justify a broader interpretation: *Cowanshannock Poor District v. Armstrong County,* 31 Pa. Superior Ct. 386 . . . 'Words and phrases shall be construed according to their common and approved usage': Act of May 28, 1937, P. L. 1019, Article 3, Section 33; Vol. 46 PS section 533. Section 51 of said act further states: 'When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'

"In the light of these provisions by the legislature and in the interpretation of said legislation as laid down by the decisions of the courts, what is the meaning of the word 'attached'? It was conceded by counsel for both plaintiff and defendant that Webster's definition of the word 'to bind, fasten, tie or connect; to make fast or join, as to attach with a string,' was the meaning as set forth in that particular dictionary. This definition was approved . . . in the case of *Com. v. Dumbauld,* 97 Pa. 293, at page 303, when the court said: 'The word "attached" in the 5th Article, and in the Act of 1874, must be understood according to its popular meaning. It was well said in *Monongahela Navigation Co. v. Coons,* 6 W.

& S. 114, that constitutions are for the million, not for the mere inspection of lawyers, and are expressed in terms that are most familiar to them, that they may discern their rights and duties. What would the citizen of average intelligence understand by the word attach? Precisely what the lexicographers define it to mean, "to tie or fasten, to join; as to fasten one substance to another by a string or glue."—Webster.'

"In view of this approved definition by the courts and in view of the rules laid down by the Legislature and by the courts in connection with the interpretation of words and phrases, would it not require that the plain meaning of the word 'attached' be distorted in order to find that this Defendant's Exhibit A had been attached to the policy by merely folding it and placing it in the policy? The fact that it should be attached was well known to the insurance company, and in the case of *Morris v. State Mutual Life Ins. Co.*, 183 Pa. 563, in commenting upon the Act of 1881 the court said: 'All any suitor can demand of a court is justice according to the law. The law in justice to all insurers directs all companies to attach to their policies a copy of the application; failing in this, a penalty is imposed. To hold otherwise in a particular case would be in the teeth of the law, for it makes no exception because of a particular hardship. We see no reason why this company should be exempt from the penalty for its gross neglect to obey the plain injunction of an act of assembly.' The court is, therefore, of the opinion that Defendant's Exhibit A was not 'attached' as provided by the Act of Assembly and to find otherwise, a meaning would have to be given to the word other than its plain definition. ' "The Statute must be interpreted in the spirit in which it was enacted"; that is "to produce a uniform rule of procedure": *Hebb v. Ins. Co.*, 138 Pa. 174, 180, "and its provisions should be strictly enforced": *Pickett v. Insurance Co.*, 144 Pa. 79, 94': *Fidelity Title & Trust Co. v. Metropolitan Life Ins. Co.*, 305 Pa. 296, 301."

We are of the opinion that the authorities referred to by the court below in the above-quoted portion of its opinion leave no room to question the propriety of the court's conclusion as to the meaning of the word "attached" as used in Section 318 of the Act of 1921.

Judgment affirmed.