## Fidelity-Philadelphia Trust Company et al. *v.* Wagner et al., Appellants.

Argued January 11, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Frank A. Sinon,* Deputy Attorney General, for appellants.

*James H. Molloy,* with him *George P. Orr,* of *Orr, Hall & Williams,* and *Ralph E. Evans,* for appellees.

OPINION BY MR. JUSTICE LINN, March 22, 1943:

Section 503 (a) (2) of the Fiscal Code[1] provides for the refund of the overpayment of taxes on petition to the Board of Finance and Revenue if filed within two years "except . . . When the estate upon which any transfer inheritance tax has been paid . . . shall have been involved in litigation, by reason whereof there shall have been an overvaluation of that portion of the estate on which the tax has been assessed and paid, which overvaluation could not have been ascertained within said period of two years. In such case, the application for repayment shall be made to the Board of Finance and Revenue, within one year from the termination of such litigation, or ascertainment of such overvaluation."

The appellees paid transfer inheritance tax pursuant to the Act of May 7, 1927, P. L. 859, as amended, 72 PS section 2303. Subsequent litigation in the federal courts[2] determined that the tax had been levied on a sum larger than should have been the taxable base; the result was that the liability for the Pennsylvania tax was correspondingly reduced. There is no question of figures. The amounts are not disputed. The Commonwealth's liability to refund is clear. There was the payment of the tax, the subsequent litigation, the resulting fact of overpayment and a refund petition ". . . within one year from the termination of such litigation. . . ." The petition presented to the Board shows that the overvaluation could not have been ascertained within the two

---

[1] As amended by the Act of June 1, 1931, P. L. 318, section 1; Act of June 7, 1935, P. L. 283, section 2; Act of June 6, 1939, P. L. 261, section 1, 72 PS Supp. section 503.

[2] *Rothensies, Collector, v. Fidelity-Philadelphia Trust Co.,* 112 F.2d 758 (C. C. A. 3d, 1940).

year period, thereby bringing the case within the exception contained in section 503 (a) (2) quoted above.

The Board seems to have been advised that it had no power to refund because more than two years passed between the payment and the filing of the petition, as provided in section 503 (a) (1), but the case is clearly within the exception made in section 503 (a) (2).

The proceeding was in mandamus: Act of June 8, 1893, P. L. 345, as amended, 12 PS section 1911. The principle declared and applied in *Hotel Casey Co. v. Ross*, 343 Pa. 573, 23 A.2d 737, controls. The procedural objections urged on behalf of appellants do not merit discussion in this case.

Judgment affirmed.