Calvert Distillers Corporation, Appellant, *v.*
Board of Finance and Revenue.

Argued January 7, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*William S. Bailey,* with him *John B. Pearson* and *Storey, Bailey & Rupp,* for appellant.

*Edward Friedman,* Deputy Attorney General, with him *Ralph S. Snyder,* Deputy Attorney General and *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY MR. JUSTICE JONES, March 24, 1954:

The question involved in this case falls within a very narrow compass. Its solution depends upon the construction to be given the statute which confers the right to a refund of taxes erroneously paid the Commonwealth as applied to the undisputed facts of the case.

The plaintiff corporation was organized and incorporated under the laws of Maryland for the purpose of distilling liquors and selling them at wholesale and has been for a number of years registered to do business in Pennsylvania. For the fiscal year ending July 31, 1946, the Commonwealth assessed against the plaintiff a corporate franchise tax for which it was not legally liable. The assessment was made, however, because the plaintiff itself had erroneously filed with the Commonwealth a franchise tax report instead of a distillers capital stock tax report to which latter tax it was properly subject. The franchise tax report which the plaintiff filed for the fiscal year in question was in blank and showed an estimated tax of $1500 due which the plaintiff paid forthwith. A few months later, the plaintiff supplemented its blank franchise tax report with a detailed report showing a total tax due of $2579.53 and, at the same time, paid the balance of the tax which it thus admitted to be due. Approximately a year later, the tax for the year in question was settled by the Commonwealth's fiscal officers at $4742.63. The plaintiff then petitioned for a reset-

tlement of the tax which was resettled at $4426.45 on April 26, 1949. The petition for resettlement did not question the propriety of the imposition of a franchise tax upon the plaintiff but merely the valuation placed by the Commonwealth's fiscal officers on the stock of the corporation. On May 6, 1949, the plaintiff paid the additional tax in the sum of $1846.92, as determined by the resettlement and, on January 9, 1951, filed with the Board of Finance and Revenue its claim for a refund in the sum of $4393.38, being the difference between the franchise tax of $4426.45, which it had paid, and a tax of $33.07 for which it was liable under the Distillers' Capital Stock Tax Act of July 15, 1897, P. L. 292, 72 PS §1872. The Board of Finance and Revenue awarded the plaintiff a refund, in the nature of a credit, of $1846.92 which was the only sum paid by the plaintiff within two years immediately preceding the filing of its claim for refund.

The plaintiff thereupon instituted the action in mandamus, here involved, in an effort to compel the Board of Finance and Revenue to award it a refund for the full amount of the taxes which it had paid. The defendant filed preliminary objections to the complaint. After argument, the court below sustained the objections and entered an order dismissing the complaint. This appeal by the plaintiff followed.

The conclusion of the learned court below was inescapable. The plain language of the Pennsylvania statute which authorizes the refund of taxes paid mistakenly, improperly or even inadvertently did not admit of any other result. A voluntary payment of taxes can be subsequently recovered by a taxpayer only if and as a statute so provides. In *Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District*, 304 Pa. 489, 494, 156 A. 75, this court recognized that ". . . the well established rule in this State is that

480

a voluntary payment of taxes to the public authorities, without any duress, threats, or misstatements on the part of the latter, or protest and notice of intention to reclaim on the part of the taxpayer, precludes subsequent recovery of any overpayment: Shenango Furnace Co. v. Fairfield Twp., 229 Pa. 357; McCrickart v. Pittsburgh, 88 Pa. 133. If the payment was a voluntary one, it may not be recovered unless a statute so provides: Investor's Realty Co. v. Harrisburg, 281 Pa. 200." In *Wilson v. Philadelphia School District*, 328 Pa. 225, 243, 195 A. 90, Mr. Chief Justice KEPHART, after quoting the above from *Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District*, said for this court that,—"In view of these authorities, no taxes which have been voluntarily paid in the past can now be recovered without the aid of a statutory remedy." See also *Phipps et al., Trustees, v. Kirk, Treasurer*, 333 Pa. 478, 483, 5 A. 2d 143.

The statutory provision upon which the present plaintiff relies for its claim to a refund of the whole of the taxes erroneously paid by it is Section 503 of The Fiscal Code of 1929, P. L. 343, as amended, 72 PS §503 (a), which provides, with respect to the time allowable for the filing of petitions for refunds of taxes, that "All such petitions must be filed with the board [of Finance and Revenue] within two years of the payment of which refund is requested, or within two years of the settlement in the case of taxes or bonus, whichever period last expires . . . ." These words are clear and free from all ambiguity. The letter of the statute is, therefore, not to be disregarded under the pretext of pursuing its spirit: Statutory Construction Act, 46 PS §551; *Commonwealth v. Chester County Light and Power Company*, 339 Pa. 97, 99, 14 A. 2d 314; *Frost v. Metropolitan Life Insurance Company*, 337 Pa. 537, 540, 12 A. 2d 309. Nor may its plain and

unmistakable terms be interpreted other than according to their usual and ordinary meaning: *Palmer v. O'Hara*, 359 Pa. 213, 227, 58 A. 2d 574; *Commonwealth Trust Company General Mortgage Investment Fund Case*, 357 Pa. 349, 355, 54 A. 2d 649.

Accordingly, we may not supply words which are not to be found in the statute and so give to it a meaning which it otherwise does not have. The Act plainly states that the petition for refund must be filed within two years of *the payment* of which refund is requested, or within two years of the *settlement* of the tax. As there was obviously only one payment by the appellant made within the two years preceding the filing of the petition for refund, it necessarily follows that such is the only *payment* of which refund could be requested. Likewise, as to the word "settlement", the tax was settled more than two years prior to the filing of the claim for refund. But, because it was resettled, on the appellant's petition, within the two-year period, the appellant would have us interpret the word "settlement" to include "resettlement" which we may not do. To achieve the result which the appellant seeks, the Act would have to provide that "All petitions for refund must be filed with the board within two years of the *last* payment *of the tax* of which refund is requested, or within two years of the settlement *or resettlement*" of the tax. We, of course, have no rightful power so to alter the statute under the guise of construing it.

None of the federal cases cited by the appellant derogates from the principle of statutory construction which we have applied. In each of the cited cases the court construed the pertinent statute according to the meaning of its plain words.

Order affirmed.