## The Monongahela Connecting Railroad Co. v. Board of Finance and Revenue

*John McI. Smith*, for plaintiff.

*David Stahl*, Attorney General, and *George W. Keitel*, for defendant.

KREIDER, J., June 10, 1963.—We have before us in these two companion cases preliminary objections of defendant, Board of Finance and Revenue of the Commonwealth of Pennsylvania, to complaints in man-

damus filed by the Monongahela Connecting Railroad Company, a domestic corporation. The principal questions raised in each case are identical and will be disposed of in this opinion.

The complaint at Commonwealth docket, no. 480, seeks an order directing the Board of Finance and Revenue to refund a *portion*, $406.16, of the penalty, $529.78, assessed and paid on the plaintiff's 1959 capital stock tax.[1]

Complaint at Commonwealth docket no. 481, seeks a similar order for refund of a portion, $588.02, of a penalty, $672.18, assessed and paid on plaintiff's 1959 corporate net income tax.[2]

Plaintiff asserts it is entitled to a proportionate *reduction* of the full statutory penalty imposed for the late filing of its *final* tax returns because the Commonwealth has had the use of the moneys plaintiff paid at the time of the earlier filing of its 1959 *tentative* tax returns. Complaints in both cases, paragraph 4, aver that the penalties were imposed because the plaintiff's *final* tax returns, though due July 15, 1960,[3] were not filed until September 15, 1960.

---

[1] Plaintiff's brief states:

"The scope of Mandamus action (in No. 480) is limited to 76.666 percent of said penalty of $529.78 or $406.16 representing penalty imposed on liability of $21,450 discharged by timely report and full payment of Tentative Capital Stock Tax Return 4/15/59." The tax subsequently imposed for the year 1959 was $27,978.44.

"Plaintiff is not challenging the imposition of penalty of $123.62 for the simple reason that its final return was not filed within the 30 day grace period which seems to be requisite under Section 503 of the Fiscal Code."

[2] "The scope of Mandamus action (in No. 481) is limited to 87.48% of said penalty of $572.18 or $588.02, representing penalty imposed on liability of $37,019.67 discharged by timely report and full payment on *Tentative* Corporate Net Income Tax Return 4/15/59." The tax subsequently imposed for the year 1959 was $42,317.53.

[3] Section 707 of the Fiscal Code (72 PS §707) fixes April 15 of each calendar year as the date for the tax return of the preceding

On July 25, 1961, both penalties were paid by plaintiff, which thereafter filed petitions for refund with the Board of Finance and Revenue. By order of July 3, 1962, the board refused both petitions, "inasmuch as the requirements of Section 503(b) of The Fiscal Code of 1929, as amended, have not been met." Plaintiff then instituted these two actions in mandamus to which the defendant-board filed the following:

"*Preliminary Objections to Jurisdiction*

"First. The action of the Board of Finance and Revenue in refusing the petitioner's petition under Section 503 of The Fiscal Code, 72 P. S. §503, is final, and is not subject to review by this Court in an action in mandamus.

"Second. An action in mandamus will not lie to control the judgment of an administrative tribunal when used as a substitute or alternative for an appeal.

"*Preliminary Objection in Nature of Demurrer*

"Third. In the alternative, and without the waiver of any objections to the jurisdiction of this Court in mandamus, plaintiff's complaint does not set forth a cause of action in mandamus against the defendant, inasmuch as the penalty for which refund is being sought was properly computed and settled under the laws of Pennsylvania, i.e., Section 1702 of The Fiscal Code, as amended by the Act of December 1, 1959, P. L. 1672 P. S. §1702; and the conditions imposed by Section 503(b) of The Fiscal Code, 72 P. S. §503(b) for the refund of such penalty were not met by the plaintiff."

Section 503 of The Fiscal Code, the Act of April 9, 1929, P. L. 343, as amended, 72 PS §503, provides, inter alia, as follows:

---

year. However, in view of plaintiff's allegation of July 15, 1960, as the "required" date for filing, it can be presumed, as the defendant's brief suggests, that an extension had been granted pursuant to section 704 of The Fiscal Code.

"Section 503. *Refunds* of State Taxes, License Fees, et cetera.

"The Board of Finance and Revenue shall have the power and its duty shall be,

"(a) To hear and determine any petition for the refund of taxes, license fees, penalties, fines, bonus, or other moneys paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled and, upon the allowance of any such petition, to refund such taxes, license fees, penalties, fines, bonus, or other moneys, out of any appropriation or appropriations made for the purpose, or to credit the account of the person, association, corporation, body politic, or public officer entitled to the refund. . . .

"(b) To hear and determine any petition for the remission of penalties imposed and paid for failure to file any tax or bonus report within the time specified by law. If the board be satisfied that the failure to file the report was not wilful, that the report was actually filed within thirty days after it was due, and that the amount of tax or bonus, exclusive of penalty, admitted to be due, was paid to the Commonwealth within thirty days after the date when payment of the tax or bonus became due, it may allow the petition and refund the amount of the penalty, or any part thereof, . . ." [4]

Section 503 (e) of The Fiscal Code provides:

"The action of the board on all petitions filed under this section shall be final."

Plaintiff's counsel in his reply brief aptly states, page 3:

"Thus, the case comes before this Court resting only on late filing of the return after the thirty (30) day period of grace had expired." Plaintiff's position is that since a substantial portion of the taxes finally de-

---

[4] Emphasis throughout ours unless otherwise noted.

termined to be due were remitted with the tentative tax returns 15 months prior to the final filing date, no penalty can be assessed on those sums merely because of a subsequent tardy filing of the *final* tax returns. Plaintiff contends that to allow such a penalty to stand would result in a windfall to the Commonwealth, which has had the benefit of the use of the prepaid taxes. Plaintiff further asserts that it can test the validity of its contention by an action in mandamus.

Despite the able argument of plaintiff's counsel, we think the defendant-board's preliminary objections to the jurisdiction of this court must be sustained. Section 503 (e) of The Fiscal Code (72 PS §503 (e)) provides, as heretofore stated, that "the action of the Board on *all* petitions filed under this section shall be final."

Our Supreme Court has repeatedly held that the action of mandamus cannot be used as a method of obtaining judicial review by the Court of Common Pleas of Dauphin County of decisions of governmental agencies which the legislature has expressly declared shall be *final:* Kaufman Construction Co. v. Holcomb, 357 Pa. 514 (1947) ; Calvert Distillers Corp. v. Board of Finance & Revenue, 376 Pa. 476 (1954) ; Land Holding Corp. v. Board of Finance & Revenue, 388 Pa. 61, 67, 68 (1957) ; Highway Paving Co. v. Board of Arbitration of Claims, 407 Pa. 528 (1962).

It must be borne in mind that the granting of tax refunds is a matter of legislative grant and not of inherent right: Calvert Distillers Corp. v. Board of Finance & Revenue, 376 Pa. 476 (1954), affirming this court's decision reported in 63 Dauph. 312. In Land Holding Corp. v. Board of Finance & Revenue, 69 Dauph. 191 (1956), plaintiff brought an action in mandamus to compel the refund of a realty transfer tax. This court, in an opinion written by Judge Sohn, sus-

tained the preliminary objections filed by the board and entered judgment in its favor. On appeal the Supreme Court affirmed, 388 Pa. 61 (1957), and speaking through Mr. Justice Chidsey, said, page 65:

"The right to sue the Commonwealth for the recovery of money or taxes alleged to have been erroneously paid to it exists only by the grace of the Legislature. Article I, Section 11 of the Constitution of Pennsylvania provides: '. . . Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.' An action against the Board of Finance and Revenue is an action against the State: Merchants' Warehouse Co. v. Gelder, 349 Pa. 1, 7, 36 A. 2d 444, 447, 448; Kaufman Construction Co. v. Holcomb, 357 Pa. 514, 55 A. 2d 534; United States of America v. Board of Finance and Revenue, 369 Pa. 386, 85 A. 2d 156. Where a State through its Legislature consents to be sued, the modes, terms and conditions of the statute conferring such privilege and authorizing refunds must be strictly construed and followed: Ford Motor Co. v. Department of Treasury of Indiana, 323 U. S. 459 (1945); Georgia Railroad & Banking Co. v. Redwine, State Revenue Commissioner, 342 U. S. 299 (1952). Cf. Calvert Distillers Corporation v. Board of Finance and Revenue, 376 Pa. 476, 103 A. 2d 668; and see 49 Am. Jur., States, Territories, and Dependencies, §97, p. 314."

To the same effect is Box Office Pictures v. Board of Finance and Revenue, 402 Pa. 511 (1961), affirming the lower court's decision in 73 Dauph. 315 (1959), sub nom. Screen Guild Projections v. Board of Finance and Revenue, which sustained the board's preliminary objections and dismissed the complaint. There, the plaintiffs sought refund of certain moneys paid prior to the statutory period allowed for the recovery of license fees paid under an unconstitutional statute. Mr.

Justice Eagen, in referring to a petition for refund, stated, page 519:

". . . The remedy is not available on any terms but may be asserted only under the conditions which the Legislature saw fit to prescribe: Land Holding Corp. v. Board of F. & Rev., 388 Pa. 61, 130 A. 2d 700 (1957). . . ." See also the concurring opinion of Mr. Justice Cohen.

In Highway Paving Co. v. Board of Arbitration of Claims, 78 Dauph. 292, a complaint in mandamus was dismissed for failure to state a claim upon which relief could be granted. At the time the case arose, the action of the Board of Arbitration of Claims was made *final* by statute and no appeal was provided. The Supreme Court affirmed, 407 Pa. 528 (1962), and in an opinion by Mr. Justice Cohen held that since the action of the board was final, mandamus could not be used as "a veiled substitute for an appeal" and that

". . . Accordingly, if the appellant desired to question the determination of the Board in dismissing the claim, the proper, indeed exclusive, remedy would have been to have had Eidemiller appeal to this Court on narrow certiorari. . . ."

We think it is now beyond question that our Supreme Court may review on narrow certiorari the action of the Board of Finance and Revenue in refusing to grant refunds. In Raby v. Board of Finance & Revenue, 405 Pa. 495 (1962), the court sustained the action of the board in refusing a petition for refund of realty transfer tax. In Universal Film Exchanges, Inc., v. Board of Finance & Revenue, 409 Pa. 180 (1962), the court also upheld the refusal of the board to grant a refund of motion picture censorship license fees. While the board's refusal to grant these refunds was sustained in both cases, the court denied the board's motions to quash the appeals which were taken directly on narrow certiorari to the Supreme Court.

In the case at bar plaintiff was entitled to follow a similar procedure but did not choose to do so.

Plaintiff relies principally on Hotel Casey Co. v. Ross, 343 Pa. 573 (1942) ; Chapman-Burrous Inc. v. Board of Finance & Revenue, 61 Dauph. 150 (1950), and Fidelity-Philadelphia Trust Co. v. Wagner, 346 Pa. 566 (1943). In Hotel Casey the Supreme Court held [5] that the plaintiff was entitled to bring an action in mandamus to secure a tax refund because there was a *clear* abuse of discretion and *disregard of the law* by the Board of Finance and Revenue which in a "bare order" without findings of fact or discussion, failed to follow the Supreme Court's previous decision in Wellsboro Hotel Company's Appeal, 336 Pa. 171 (1939), which had expressly decided the *identical* question raised three years later in Hotel Casey. In the Wellsboro case the Supreme Court had held that hotels operating dining rooms for the convenience of their guests were not subject to the payment of a restaurant mercantile license tax.

In Chapman-Burrous, Inc. v. Board of Finance & Revenue, the board failed to comply with the Fiscal Code of 1929, which *expressly* authorizes a refund or a tax credit where any tax has been paid to the Commonwealth under a statute subsequently held to be unconstitutional. After the Supreme Court in Flynn v. Horst, 356 Pa. 20 (1947), had declared the Oleomargarine Tax Act of May 29, 1901, P. L. 327, as amended, unconstitutional, Chapman-Burrous, Inc. sought to

---

[5] A noteworthy comment on the Casey case was made in Land Holding Corp. v. Bd. of Finance & Rev., supra, 388 Pa. 61 (1957). There the court, speaking through Mr. Justice Chidsey, said, page 69 :

"Other language in the opinion referred to by appellant was not necessary to the decision of the case and *has no authoritative status in view* of the later Kaufman case (Kaufman Construction Co. v. Holcomb, 357 Pa. 415, supra.), where the Casey case was referred to *and distinguished.*" .......

compel the board to grant to it a tax credit for oleo-margarine license fees it had paid, there being no appropriation from which such refund could be made. The board refused to do so and in its preliminary objections to plaintiff's complaint in mandamus contended it had exercised its discretion and that its action was final. This court, being of the opinion that the board had clearly abused its discretion and *plainly disregarded* a statutory remedy which is expressly authorized by section 503(a)(4) of the code, 72 PS §503(a)(4), overruled the preliminary objections and directed that mandamus should issue.

In Fidelity-Philadelphia Trust Co. v. Wagner, 52 Dauph. 261 (1942), and 53 Dauph. 164 (1942), a fiduciary filed with the Board of Finance and Revenue a petition for refund of overpayment of transfer inheritance taxes which the board refused because more than two years had passed between the payment of the tax and the filing of the petition. Section 503(a)(2) of The Fiscal Code, as amended, 72 PS §503(a)(2), authorizes the refund of the overpayment of taxes on petition to the board if filed within two years of the payment of which refund is requested, "except . . . When the estate upon which any transfer inheritance tax has been paid . . . shall have been involved in litigation, by reason whereof there shall have been an overvaluation of that portion of the estate on which the tax has been assessed and paid, which overvaluation could not have been ascertained within said period of two years. In such case, the application for repayment shall be made to the Board of Finance and Revenue, within one year from the termination of such litigation, or ascertainment of such overvaluation."

The opinion of this court, written by Judge Karl E. Richards held that mandamus would lie. The Supreme Court affirmed: Fidelity-Philadelphia Trust Co. v. Wagner, 346 Pa. 566 (1943); and stated, page 567:

". . . The Commonwealth's liability to refund is clear. There was the payment of the tax, the subsequent litigation, the resulting fact of overpayment and a refund petition '. . . within one year from the termination of such litigation. . . .' The petition presented to the Board shows that the overvaluation could not have been ascertained within the two year period, thereby bringing the case within the exception contained in section 503 (a) (2) quoted above.

"The Board seems to have been advised that it had no power to refund because more than two years passed between the payment and the filing of the petitions, as provided in section 503 (a) (1), but the case is clearly within the exception made in section 503-(a) (2).

"The proceeding was in mandamus: Act of June 8, 1893, P. L. 345, as amended, 12 PS section 1911. The principle declared and applied in Hotel Casey Co. v. Ross, 343 Pa. 573, 23 A. 2d 737, controls. The procedural objections urged on behalf of appellants do not merit discussion in this case."

In the instant case, we are unable to conclude that the determination of the Board of Finance and Revenue was in error. Section 1702 of The Fiscal Code, the Act of April 9, 1929, P. L. 343, article XVIII, sec. 1702, as amended by the Act of December 1, 1959, P. L. 1672, sec. 1, 72 PS §1702, provides:

"If any corporation, association, exchange, or person, or the officer or officers of any corporation, association, or exchange shall neglect or refuse to furnish to the Department of Revenue, within the time prescribed by law, or any extension thereof granted by the Department of Revenue, any bonus or tax report required by sections seven hundred six, seven hundred seven, seven hundred eight, seven hundred ten, seven hundred thirteen, seven hundred fourteen, seven hundred fifteen, seven hundred sixteen, seven hundred

nineteen or seven hundred twenty, of this act, unless within thirty days after the report became due it has been filed, the amount of the tax or bonus admitted to be due has been paid and reasons satisfactory to the Department of Revenue have been shown to the Department of Revenue why the reports were not furnished to it as required by this act, it shall be the duty of the Department of Revenue to add to the bonus or tax of such corporation, association, exchange, or person, for each and every tax period for which such report was not so furnished, the following percentages, which shall be collected with the bonus or tax in the usual manner of settling and collecting such bonus or tax:

"On the first one thousand dollars of bonus or tax, ten per centum; on the next four thousand dollars, five per centum; and on every thing in excess of five thousand dollars, one per centum."

It seems clear that the penalty which the Department of Revenue is required to assess is for the late filing of the specified tax reports. The conditions precedent "for the remission of penalties imposed and paid for failure to file any tax or bonus report within the time specified by law" are enumerated in section 503 (b) and all must be met. Even though only one has not been met, the penalty, nevertheless, must be assessed. Plaintiff admits (paragraph 4 of each complaint) that its reports in both cases were not timely filed. Consequently, we fail to see how it has any legal standing to question the imposition of the penalties. Plaintiff, however, urges this court to take cognizance of its timely payments of all "taxes (it) admitted to be due." While this contention may not be wholly devoid of merit, the fact remains that plaintiff did not comply with the legislative mandate with respect to the remission of penalties for the late filing of its final tax returns, viz., that the report be actually filed within

30 days after it was due: section 503(b), 72 PS §503(b). In the words of former Justice, later Chief Justice, Charles Alvin Jones in Calvert Distillers Corp. v. Board of Finance & Revenue, supra, 376 Pa. 476, at pages 480-481:

". . . These words are clear and free from all ambiguity. The letter of the statute is, therefore, not to be disregarded under the pretext of pursuing its spirit: Statutory Construction Act, 46 PS §551; Commonwealth v. Chester County Light and Power Company, 339 Pa. 97, 99, 14 A. 2d 314; Frost v. Metropolitan Life Insurance Company, 337 Pa. 537, 540, 12 A. 2d 309. Nor may its plain and unmistakable terms be interpreted other than according to their usual and ordinary meaning: Palmer v. O'Hara, 359 Pa. 213, 227, 58 A. 2d 574; Commonwealth Trust Company General Mortgage Investment Fund Case, 357 Pa. 349, 355, 54 A. 2d 649."

We think section 503(b) of The Fiscal Code is clear and permits of no construction other than that a penalty may not be refunded where the conditions precedent have not been met. Therefore, the board's determination that the conditions of section 503(b) of The Fiscal Code had not been satisfied and that the penalties could not be refunded was technically and legally correct. If plaintiff is to be afforded relief, the remedy lies with the legislature and not by strained judicial construction.

We cannot agree with plaintiff's contention that defendant Board of Finance and Revenue in approving the penalty attempted to extend its jurisdiction beyond the power and duty delegated to it by the legislature, and that in sustaining the penalty the board misconceived the extent of its powers and duties and acted under an unwarranted enlargement of the same. The same contentions were raised in substance in Raby v. Board of Finance & Revenue, supra, 405 Pa. 495

(1962), where, as stated, plaintiff took an appeal on narrow certiorari to the Supreme Court from the order of the board. In rejecting these contentions the court, speaking through Mr. Justice Musmanno, said, pages 498-99:

"Our review here is admittedly restricted to the limits laid down by narrow certiorari since the decision of the Board of Finance and Revenue is made final by The Fiscal Code of 1929 (The Fiscal Code, Sec. 503 (a) (e), supra, 72 PS §503(a)(e) ).

"The appellants concede that 'The merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the Board may have been erroneous,' (Keystone Raceway Corporation v. State Harness Racing Commission, 405 Pa. 1) but they attempt to climb over the limiting fence of a narrow certiorari by arguing that when the Board refused to make the requested refund it went beyond or fell short of the boundaries of its jurisdiction. They fail in this endeavor because it is evident beyond cavil that the appellants are actually entering into the substantive issues of the litigation rather than discussing the Board's jurisdiction.

"In *Dauphin Deposit Trust Co. v. Myers*, 388 Pa. 444, 461, this Court stated: '*Jurisdiction relates to the competency of the particular administrative agency* or Court "*to determine controversies* of the *general class* to which the case presented for its consideration belonged . . .*"* '

"The appellants may not expand the borders of a narrow certiorari by calling something what it is not. They speak jurisdiction but they argue merits. They assert that the Board should not have refused the demanded refund. *They do not question that the Board had the right to pass upon the demand.* They only maintain that the Board made a mistake in refusing the refund, but this is arguing with the voice of Jacob on

jurisdiction while presenting the substance of the case with the hands of Esau.

"Whether or not the Board's judgment was a proper one is not a factor in determining jurisdiction, as is transparently made clear in *White Township School Directors Appeal*, 300 Pa. 422, where we said: '. . . The jurisdictional question of subject-matter does not include a consideration of the record to ascertain whether it took into account any or all of the factors laid down by the act, or failed to consider any other item that may have been helpful, or whether or not the judgment was a proper one; to do so would be to substitute our judgment for that of the court of common pleas, and this the act directs we shall not do. . . .' "

In the instant case the Board of Finance and Revenue did not exceed its powers. It is specifically authorized by The Fiscal Code, sec. 503, 72 PS §503, to entertain petitions for refund of penalties where refunds may be granted if certain conditions are met, one being the filing of a tax return or report within thirty days after the same becomes due. This admittedly was not done. We are unable to see how the board under these circumstances may be said to have exceeded its powers in refusing the refund requested or to have "enlarged its jurisdiction" by refusing to do so.

Furthermore, since the immunity of the sovereign is in question, it cannot be successfully contended under the facts in this case that plaintiff has a *clear* legal right to the remedy it seeks.

". . . Mandamus is an extraordinary remedy and the writ will issue only where there is a clear legal right in the plaintiff, a corresponding duty on the part of the defendant, and a want of any other adequate, appropriate, and specific remedy. (Travis v. Teter, 370 Pa. 326, 330; Easton v. Lehigh Water, 97 Pa. 554, 560.)" Mellinger v. Kohn, 388 Pa. 83, 85 (1957). See

also Maxwell v. Farrel School Dist. Bd. of Directors, 381 Pa. 561 (1955).

And now, June 10, 1963, the preliminary objections of the defendant-Board of Finance and Revenue are sustained, plaintiff's complaints in mandamus filed to no. 480 and no. 481, Commonwealth docket 1962, are dismissed and judgment is entered in each of said cases in favor of the Board of Finance and Revenue.