Hallman *v.* Carr, Appellant.

Argued May 25, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*Alan E. Boroff,* with him *Morris Gerber,* and *Wisler, Pearlstine, Talone & Gerber,* for appellant.

*James R. Caiola,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, June 26, 1961:

The plaintiff, as administratrix d.b.n.c.t.a. of the estate of Ella Hallman, deceased, sued in equity in the Court of Common Pleas of Montgomery County the named co-depositor, with the decedent, of a joint savings account, with right of survivorship, for a decree impressing with a trust the funds withdrawn from the account by the co-depositor after the decedent's death

and compelling the drawer to pay over such funds to the plaintiff with interest.

The chancellor entered a decree in the plaintiff's favor from which the defendant appealed to the Superior Court. By a four to three vote the Superior Court entered the following order: "Under Section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended, 20 P.S. 2080.301, the Orphans' Court has exclusive jurisdiction of the controversy between these litigants. See Rogan Estate, 394 Pa. 137, 145 A. 2d 530. This appeal is therefore certified to the Supreme Court. Per Curiam."

The exclusive jurisdiction of a controversy such as this lies in the orphans' court. The point is governed by Section 301 of the Orphans' Court Act of 1951, as amended, which provides that, "The orphans' court shall have exclusive jurisdiction of . . . (13) Title to personal property. The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death."

In *Rogan Estate,* supra, the sole question of law involved was whether or not the orphans' court had jurisdiction to adjudicate the ownership of funds in a joint bank account after one of the named co-owners of the fund had died. In holding that such was indeed within the jurisdiction of the orphans' court, we there said: "Appellant [the surviving co-owner] contends that the word 'registered' in the statute was intended to apply only to those types of personalty where actual 'registration' occurs, i.e., motor vehicles and securities. Such a narrow and restricted construction of the legislative intent is without merit. It is obvious that the legislative intent was to include personalty in the *name* of the decedent at the time of his death, whether in his

name alone or in the names of other persons and/or decedent."

In the instant case, complainant seeks an adjudication of the ownership of funds which were in a joint savings account in the name of the decedent and another at the time of the decedent's death. Exclusive jurisdiction of the controversy consequently is in the orphans' court.

Decree vacated and complaint dismissed at appellee's costs.