## Gudleski, Appellant, *v.* Gudleski.

Argued November 15, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Louis Cohen,* for appellant.

*Russell S. Machmer,* with him *Stephen F. Poklemba,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 2, 1962:

This case is an appeal by the plaintiff from the final *decree of the Court of Common Pleas* of Northumberland County *dismissing* her complaint in Equity which prayed for a decree directing the defendant to turn over two savings accounts (in two separate banks*) to her as administratrix of the estate of the decedent.

With respect to the funds in the Union National Bank, the record shows that prior to March 2, 1959, an account, No. 21,183, was in the name of the decedent at which time there was a balance of $11,682.28. On that date the decedent went to the bank with the defendant and said she wanted to add his name to the account but reserving the right of withdrawal to herself. She further stated that on death she would leave it to the defendant. The teller transferred the balance to a new account, No. 32,315, and wrote on the ledger sheet "Regina Supsinski or Leonard Supsinski.* Withdrawals by Mrs. Supsinski only. P.O.D. Len Gudleski." On the same day the decedent (by her mark) and the

---

* Although the two banks were named as defendants, they disclaimed any interest in the funds and, with the permission of the Court, paid the said funds into Court and they were removed as parties defendant.

* There was no Leonard Supsinski. All parties agree that the defendant, Leonard Gudleski, was meant.

defendant executed a joint account agreement which provided that each was the owner of the whole of the account and either or both and the survivor shall have a right to withdraw. This was the status of the account on January 1, 1960, the date of decedent's death. On February 21, 1960, the defendant drew out the entire balance and on February 29, 1960, the present action in Equity was commenced by the administratrix of the decedent.

With respect to the funds in the Liberty Bank, the record shows that prior to March 2, 1959, an account, No. 7539, was in the name of the decedent, at which time there was a balance of $9,207.38. On that date, the decedent went to the bank with the defendant and said she wanted the money to go to him when she died. The teller transferred the balance to a new account, No. 12,096, and wrote on the ledger sheet "Regina Supsinski in Trust for Leonard Gudleski." On the same day the decedent (by her mark) and the defendant executed a joint account agreement which provided that all sums therein shall be deemed to belong to them as joint tenants with right to withdraw and right of survivorship. This was the status of the account on January 1, 1960, the date of decedent's death and on the date the present action in Equity was commenced by the administratrix of the decedent.

It is unnecessary to consider the merits because the facts as shown by the record bring the case squarely within our decision in *Hallman v. Carr*, 404 Pa. 216, 172 A. 2d 160, and in *Rogan Estate*, 394 Pa. 137, 145 A. 2d 530, which hold that under facts such as are here present the Orphans' Court has exclusive jurisdiction.

In *Hallman v. Carr*, plaintiff, as administratrix, sued in equity a named co-depositor who was the owner with the decedent of a joint savings account with right of survivorship, and prayed that the joint tenant pay over such funds to plaintiff with interest.

The Chancellor entered a decree in plaintiff's favor, from which defendant appealed. This Court vacated the decree and dismissed the complaint. The Court said:

"The exclusive jurisdiction of a controversy such as this lies in the orphans' court. The point is governed by Section 301 of the Orphans' Court Act of 1951, as amended, which provides that, 'The orphans' court shall have exclusive jurisdiction of . . . (13) Title to personal property. The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death.'

". . . 'It is obvious that the legislative intent was to include personalty in the *name* of the decedent at the time of his death, whether in his name alone or in the names of other persons and/or decedent.'

"In the instant case, complainant seeks an adjudication of the ownership of funds which were in a joint savings account in the name of the decedent and another at the time of the decedent's death. Exclusive jurisdiction of the controversy consequently is in the orphans' court."

Decree vacated, plaintiff's complaint in equity dismissed without prejudice to plaintiff's right to bring an action in the Orphans' Court; the costs of this appeal to be paid by plaintiff.