## Snyder Estate

292

Before Klein, P.J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Albert J. Schell, Jr,* for petitioner.

*Robert Boyd, Jr.,* for respondent.

*Walter Alessandroni,* Attorney General, and *Raymond Kleiman,* Deputy Attorney General, for Public School Employes' Retirement Board.

BOLGER, J., February 7, 1964.—Gertrude M. Snyder died September 10, 1962, intestate and without issue, but survived by her husband, Frank J. Snyder.

For 42 years prior to her death, she had been employed as a teacher in the Public Schools of Philadelphia. She retired from teaching on June 30, 1962, and elected to receive her share in the Public School Employes' Retirement Fund and exercised option no. 2 un-

der which she was to receive a reduced allowance which would continue throughout her life and upon her death for the benefit of her sister, Evelyn M. Robinson, for her life. The first payment to her became due July 1, 1962.

Following her death, her husband, on April 30, 1963, filed an election to take against all conveyances made by decedent during her lifetime within the scope of section 11(a) of the Estates Act of April 24, 1947, P. L. 100, as amended February 17, 1956, P. L. 1073. He notified both Mrs. Robinson and the retirement board. On August 9, 1963, this court allowed a citation directed to Mrs. Robinson and the Public School Employes' Retirement Board to show cause why all membership applications and beneficiary designations executed by deceased during her lifetime should not be made available; to render a full account of the money due or on deposit to her credit and to pay to the husband, as administrator, any sum found to be due the estate or to pay the same to him as surviving spouse. The retirement board thereupon discontinued making further payments to Mrs. Robinson. Preliminary objections to the petition were filed by both respondents.

On behalf of the retirement board, the objection was to both the jurisdiction of the court and to the venue. It is stated that the Public School Employes' Retirement Board is an instrumentality of the Commonwealth and, therefore, without the express consent of the Commonwealth cannot be sued and for the further reason that venue in all matters affecting the Commonwealth or its agencies is in the Court of Common Pleas of Dauphin County.

On behalf of Mrs. Robinson, it is asserted that there is no jurisdiction in this court to adjudicate funds held by the retirement board and the further objection that the funds in controversy do not come within the purview of section 11(a) of the Estates Act.

The Public School Employes' Retirement Board is an adjunct of the sovereign power of the Commonwealth. The Commonwealth contributes one-third of the amount of the fund and, therefore, has a proprietary interest. The board, like all other boards and commissions of the Commonwealth, is an integral part of the governmental functions of the Commonwealth and, as a participant in the sovereign power of the State, is immune from suit without its express consent: Land Holding Corp. v. Board of Finance and Revenue, 388 Pa. 61; Box Office Pictures, Inc. v. Board of Finance and Revenue, 402 Pa. 511; State Employes' Retirement Board v. Dumbauld, 59 Dauph. 446.

The Administrative Agency Law of June 4, 1945, P. L. 1388, defines the conditions and venue of actions involving any Commonwealth agency. Appeals from such boards are restricted to the Court of Common Pleas of Dauphin County.

Another obstacle to petitioner's suit lies in the lack of remedy against this board were he to prevail herein. The Public School Employes' Retirement Code of June 1, 1959, P. L. 350, article VIII, sec. 803, as amended August 4, 1959, P. L. 599, 24 PS §3803, renders the board and its funds free from all process which, of course, would include recovery after judgment. Naturally, this court must reject any application to render a vain judgment.

We find that the Commonwealth's preliminary objections must be sustained.

It is claimed by the beneficiary-respondent that the court has no jurisdiction over her. Section 11 of the Estates Act, supra, reads as follows:

"Conveyances to Defeat Marital Rights·

"(a) In general. A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse, be treated

as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved, . . . The provisions of this subsection shall not apply to any contract of life insurance purchased by a decedent, whether payable in trust or otherwise.

"(b) Determination of Share. The spouse may elect to take against any such conveyance and shall be entitled to one-third thereof if the conveyor is survived by more than one child, or by one or more children and the issue of a deceased child, or children, or by the issue of more than one deceased child, and in all other circumstances one-half thereof.

. . .

"(d) . . . The court having jurisdiction of the deceased conveyor's estate shall determine the rights of the surviving spouse in the property included in the conveyance."

In section 1(2) of the Estate Act of 1947, as amended, the word "conveyance" is defined as follows:

" 'Conveyance' means an act by which it is intended to create an interest in real or personal property whether the act is intended to have inter vivos or testamentary operation."

In his argument counsel for this respondent also claims that the Estates Act refers solely to a surviving wife and not to a surviving husband.

The nature of petitioner's claim is clearly and accurately stated in Hershey Estate, 23 D. & C. 2d 523. President Judge Sheely points out that the use of the word "testamentary" in section 11 of the Estates Act ". . . is merely a device to permit the surviving spouse to reach assets which are not part of the estate; it does not change the character of the conveyance or make such assets part of the estate."

In Ross Estate, 25 D. & C. 2d 777, this court held that under section 301(13) of the Orphans' Court Act

of August 10, 1951, P. L. 1163, that this court has jurisdiction over title to personal property alleged by the personal representative to have been in the possession of decedent at the time of his death: Hallman v. Carr, 404 Pa. 216. Judge Lefever in this opinion followed Dorsey Estate, 366 Pa. 557, and dismissed the action as to Sears, Roebuck & Company, whose Pension Fund was involved, but retained jurisdiction over the individual respondent. He found that jurisdiction in this type of case does not concern the administration of the fund, but does apply to the determination of the problem concerning who is entitled to decedent's interest therein.

The Estates Act refers to "a person" who conveys and to "spouses" and makes no distinction between widowers and widows: Graham Estate, 3 D. & C. 2d 218.

The pleadings in this case are not sufficient to enable the court to pass upon the respective merits of the questions involved. The application form executed by decedent and copies of the regulation omit facts which are indispensable to a proper understanding of the problem. The pivotal question is to ascertain whether there was any reserve power retained by the decedent when she exercised option no. 2. Did this act, which became effective July 1, 1962, become irrevocable? Had she retained the right to change the option in the event of the prior death of her sister or for any other reason, what disposition if any would have been made of any balance on deposit to her credit had both she and her sister died? Would any amount have become payable to decedent's estate upon the happening of the above contingency or any other contingency?

The present record lacks this information which would be essential if an award is to be made in either specific amounts or in an adjudication in favor of the petitioner. Such items can only be supplied by a re-

sponsive answer or be developed at a hearing upon the petition and answer.

It is a rule of practice of this court to dismiss preliminary objections and require respondents to answer when the facts and the conclusions to be drawn from them are not entirely clear: Schmitz Trust, 3 D. & C. 2d 185.

The preliminary objections of Evelyn M. Robinson, respondent, are dismissed with leave to file a responsive answer to the petition within 30 days.