**Broomall Terrace, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent**

Argued September 11, 1979, before President Judge Bowman and Judges Wilkinson, Jr., Rogers, Blatt, DiSalle, Craig and MacPhail. Judges Crumlish, Jr. and Mencer did not participate.

Rocco M. Nigro, for petitioner.

Robert P. Coyne, Deputy Attorney General, for respondent.

Opinion by President Judge Bowman, October 23, 1979:

This is an appeal from an order of the Board of Finance and Revenue which denied appellant taxpayer's petition for refund as being "res judicata and because it fails to comply with the provisions of Section 503(a) of the Fiscal Code of 1929."

It is before us de novo but on stipulated facts which we hereby adopt and which stipulation discloses the following relevant factual and procedural matrix. The capital stock tax of petitioner, Broomall Terrace, Inc., for the tax year ending December 31, 1973 was originally settled as returned at a nominal valuation of $1,000.00 producing a tax liability of $10.00, which was paid. However, the taxing authorities thereafter timely resettled the tax liability on a valuation of $500,-000.00 producing a tax liability of $5,000.00 less the tax

previously paid. From this resettlement petitioner timely filed a petition for review with the Board which was denied by the Board on October 1, 1975. Petitioner then appealed to this Court, which appeal was docketed to No. 1619 C.D. 1975 (hereinafter, first appeal). On November 16, 1976 petitioner withdrew this appeal; on November 29, 1976 paid the amount of the additional tax as reflected by the aforementioned resettlement; and on December 23, 1976 filed with the Board a petition for refund of the amount of additional tax liability it had paid on November 29, 1976 based upon the aforementioned resettlement. By its order of February 25, 1977 the Board refused the petition for refund for the reasons quoted above. On March 8, 1977 taxpayer filed this appeal (hereinafter, second appeal). It is undisputed that the two proceedings before the Board and the two appeals—the first having been withdrawn—in this Court are addressed to the same issue for the same tax year. Thereafter the Commonwealth filed a motion to quash this second appeal on the grounds that the first appeal to this Court was res judicata of this second appeal. As the first appeal had been voluntarily withdrawn by petitioner we concluded the first appeal to this Court was not res judicata of this second appeal and dismissed the Commonwealth's motion to quash this appeal. In doing so, however, we noted that the narrow issue in this second appeal is whether the Board properly denied the petition for refund without reaching the substantive tax issues raised.[1]

Being of the opinion that the Board properly refused to hear the petition for refund on the substantive issues raised we will affirm the Board. Within the framework of our statutory law applicable to State taxation, the powers and duties of the taxing author-

---

[1] *See* Memorandum Opinion and Order filed January 18, 1979.

ities and the procedures prescribed for administrative and judicial review of tax disputes, finality must be given to the action of the Board in denying petitioner's petition for review on October 1, 1975. In that proceedings (petition for review) and in the later petition for refund proceedings before the Board the same tax for the same tax year of the same taxpayer was involved and the same issue was raised, *i.e.* the taxing authorities' reassessment of taxpayer's capital stock tax by reason of its disputed valuation. Although not final when rendered in the sense that it was subject to judicial review by way of timely appeal from the Board order of October 1, 1975, when the appeal therefrom to our No. 1619 C.D. 1975 was withdrawn it then became final and must now be afforded the full measure of legal finality. With common parties presenting a common issue of the proper valuation of taxpayer's capital stock for the same tax year before the Board in the two mentioned proceedings, the Board's decision in the first proceedings before it was properly considered final by the Board with respect to the second proceedings before it. Whether this finality be characterized as arising from application of classic res judicata principles to quasi-judicial administrative proceedings, by a similar application of principles of collateral estoppel or otherwise is not significant. Our decisional law has emphasized the exclusive nature of statutorily prescribed methods and procedures for contest of State tax disputes and administrative and judicial review thereof. *Borg-Warner Corp. v. Board of Finance and Revenue,* 424 Pa. 343, 227 A.2d 153 (1967); *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A.2d 203 (1965); *Department of Revenue v. West Penn Power Co.,* 18 Pa. Commonwealth Ct. 173, 334 A.2d 805 (1975); *Westinghouse Broadcasting Co. v. Board of Finance and Revenue,* 14 Pa. Commonwealth Ct. 59, 321 A.2d 413 (1974).

While two distinct procedures are statutorily prescribed to contest action of the taxing authorities in Section 503 (petition for refund) and Section 1103 (petition for review) of The Fiscal Code,[2] if the latter is first employed the former is unavailable to relitigate the same issue. This is precisely what appellant attempted to do in its two proceedings before the Board in this case.

### ORDER

Now, October 23, 1979, the action of the Board of Finance and Revenue in denying the petition for refund of Broomall Terrace, Inc. because of the finality of prior petition for review proceedings before the Board by the same taxpayer for the same tax and same tax year raising the identical tax issues is hereby affirmed.

---

[2] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §§503, 1103.