528 A.2d 699

Frederick F. Reed, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued April 21, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Preston L. Davis, Davis, Davis & Kaar,* for petitioner.

*Vincent J. Dopko,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY SENIOR JUDGE NARICK, July 16, 1987:

The Petitioner in the case before us is Frederick F. Reed, who is the Recorder of Deeds of Northumberland County. He appeals from an order of the Board of Finance and Revenue (Board) denying his petition for resettlement of his account. We affirm.

The parties have stipulated to the following pertinent facts: On May 7, 1980, an attorney appeared at

Petitioner's office and presented a deed and mortgage for recording. The deed was executed and notarized on April 28, 1980, and was from the Churchill Coal Corporation, grantor, to Spruce, Inc., grantee. It recited a consideration of $560,000. The attorney tendered checks for the payment of the recording fee and state and local realty transfer taxes. The latter two checks, each for $5,600, were drawn on accounts of grantor and grantee. The deed was then file-stamped and put through the recording process of being recorded in the day book, indexed, microfilmed, and entered into the Deed Book. This process was completed by May 8, 1980.

The two realty transfer tax checks are the focus of this controversy. Entirely by chance, grantor's $5,600 was deposited in the bank account of "Frederick F. Reed, Recorder of Deeds and Agent for Commonwealth of Pennsylvania," and cleared in due course. Grantee's check had been deposited in Petitioner's local transfer tax checking account, but an employee of grantee notified Petitioner on or about May 8, 1980 that the check had been mistakenly drawn on the wrong account, and that payment was being stopped. A replacement check was promised, but, despite numerous telephone calls, never received. Petitioner notified grantee that he was setting a deadline for payment and that he would "void" the transaction if it was not received. On May 27, 1980, having received no payment, Petitioner entered the notation "void" on the deed in the Deed Book and the Index. He then drew a check on the aforementioned account of "Frederick F. Reed, Recorder of Deeds and Agent for Commonwealth of Pennsylvania" in the amount of $5,600 and returned it to the attorney who presented the document.

As a result, the Department of Revenue (Department) issued a Notice of Settlement to Petitioner,

wherein it noted a deficiency and requested payment of $5,544 ($5,600 minus Petitioner's 1% commission on collections). His petition for resettlement was denied by the Department. Petitioner's further appeal to the Board was denied and he now seeks relief in this Court.

We are faced with a novel situation which requires us to resolve the following question: Does a recorder of deeds have the authority to issue a refund for the Pennsylvania realty transfer tax from the account bearing his name as agent for the Commonwealth by voiding the recording[1] of a deed after it has been put through the recording process?

To answer that question, we turn first to a discussion of the statutory bases of a recorder of deeds' duties with respect to tax collection. A recorder has a duty "to receive all deeds presented for record, when the same are duly acknowledged as required by law, and record the same." Section 1 of the Act of July 18, 1941, P.L. 421, 21 P.S. §325.1. Prior to its repeal in 1981, Section 3 of The Realty Transfer Tax Act (Act),[2] provided in part:

> Every person who makes, executes, delivers, accepts or presents for recording any document . . . shall be subject to pay for . . . a State tax at the rate of one (1) percentum of the value of the property represented by such document, which

---

[1] While the Commonwealth characterizes this action as an attempt to void the *conveyance*, Petitioner maintains that it was the *recording* which he voided. In light of our disposition of this issue, that the taxable event occurred when the deed was presented for recording, we need not address this discrepancy, and, for convenience, refer to Petitioner's action as voiding the recording.

[2] Act of December 27, 1951, P.L. 1742, *as amended, formerly* 72 P.S. §3285, repealed by the Act of May 5, 1981, P.L. 36. A similar provision is now found in Section 1102-C of the Act of March 4, 1971, P.L. 6, *as amended,* added by Act of May 5, 1981, P.L. 36, *as amended,* 72 P.S. §8102-C.

> state tax shall be payable at the time of making, execution, delivery, acceptance or presenting for recording of such document.

The recorder of deeds serves as agent for the Commonwealth for the collection of realty transfer taxes. Act of November 1, 1971, P.L. 495, *as amended*, 16 P.S. §11011-6(b); *Powell v. Shepard*, 381 Pa. 405, 113 A.2d 261 (1955).

In the instant case, Petitioner was presented with a deed[3] for recording. In accordance with the terms of Section 3 of the Act set forth above, this presentation of a document gave rise to the taxable event: the payment of the 1% state transfer tax. *See also Baehr Brothers v. Commonwealth*, 487 Pa. 233, 409 A.2d 326 (1979); *Commonwealth v. Passell*, 422 Pa. 473, 223 A.2d 24 (1966). Petitioner accepted the tendered amount, deposited same, and put the document through the normal recording process, all according to the above statutory mandates.

Petitioner characterizes his subsequent actions, as detailed above, as "voiding" the recording. He cites no statutory provisions granting him such authority and we have been unable to locate any. To the contrary, we believe that the actual effect of petitioner's action was to grant a *refund* of the transfer tax, and that such is clearly beyond the scope of his authority.

It has long been the law in this Commonwealth that taxes voluntarily paid cannot be refunded except as provided by statute. *Calvert Distillers Corp. v. Board of Finance and Revenue*, 376 Pa. 476, 103 A.2d 668 (1954);

---

[3] A deed was expressly included in the Act's definition of "document." Section 2 of the Act, formerly 72 P.S. §3284, repealed by the Act of May 5, 1981, P.L. 36. A similar definition is now found in Section 1101-C of the Act of March 4, 1971, *as amended,* added by Act of May 5, 1981, P.L. 36, *as amended,* 72 P.S. §8101-C.

*Land Holding Corp. v. Board of Finance and Revenue,* 388 Pa. 61, 130 A.2d 700 (1957); *Sabatine v. Commonwealth,* 497 Pa. 453, 442 A.2d 210 (1981). While these cases arose in the posture of a taxpayer seeking a refund of a tax paid, we believe the principle to be equally applicable to the matter before us.

The Legislature has seen fit to provide for a statutory scheme governing tax refunds. Section 503(a) of the Fiscal Code (Code), Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §503(a). In relevant part, that section provides:

> The Board of Finance and Revenue shall have the power, and its duty shall be . . . to hear and determine *any petition for the refund of taxes* . . . paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled and, upon the allowance of any such petition, to refund such taxes. . . .

(Emphasis added.) Thus, it is for the Board to determine whether taxes paid, including realty transfer taxes (*see e.g., Sabatine*) are to be refunded. In making such a refund, Petitioner has circumvented the statutory procedure.

Petitioner attempts to justify his actions on the following grounds: His duty to collect the transfer taxes, both state and local, arose when the document was presented for recording. Section 3 of the Act, *formerly* 72 P.S. §3285. However, Section 2 of the Act of August 21, 1953,[4] prior to its repeal in 1982, provided that recording fees and state taxes were payable in advance. Because he received a conditional form of payment, checks, and because the condition of payment failed with respect to one of those checks, Petitioner felt obligated to "void" the transaction and treat it as a nullity.

---

[4] P.L. 1254, *formerly* 16 P.S. §11414, repealed by the Act of April 8, 1982, P.L. 310. A similar provision is now found in Section 2 of the Act of April 8, 1982, P.L. 310, 42 P.S. §21052.

This argument ignores the reality of the situation. The taxable event, presentation of the document, had already occurred as explained above. Further, Petitioner proceeded to discharge his statutory duties by collecting the tax and physically recording the deed. Petitioner has not cited and we could discover no authority for the proposition that a recorder may reverse this process of his own accord. We find persuasive the opinion of our Supreme Court in *Sabatine*. In that case, the parties to a real estate conveyance entered into a consent decree declaring the deed for the property, which was duly recorded, at which time the realty transfer tax was paid, to be null and void *ab initio*. The decree also purported to refund the transfer tax. The buyers filed a petition for a refund with the Board, which was denied. This Court, in a *de novo* proceeding, found the evidence insufficient to prove that the Commonwealth was not equitably entitled to the tax payment. On appeal, the Supreme Court affirmed, noting that the Commonwealth was not a party to the consent decree and, thus, its terms were not binding upon it. There were no independent facts to establish that the deed was void *ab initio*, and, thus, it was undisputed that the original conveyance was a taxable event. Similarly, here, Petitioner does not take issue with the fact that the taxable event occurred. That being the case, for the taxpayer to obtain a refund, the procedure under 503(a) of the Code would come into play.

One final aspect of this case deserves mention. It is a stipulated fact that chance alone determined which $5,600 check was deposited in the state, and which in the local transfer tax account. The petition before us, however, only concerns the grantor's check, deposited in the state account. Our decision is necessarily confined to the factual scenario of a valid check voluntarily presented for and accepted, by the duly authorized collec-

tion agent, as payment of the 1% state tax on the transfer of realty. We hold, on the basis of the statutory and decisional authority cited, that said agent is not authorized to refund such tax.

The decision of the Board is affirmed.

ORDER

AND NOW, this 16th day of July, 1987, the order of the Board of Finance and Revenue, dated September 28, 1983, is hereby affirmed. Exceptions may be filed within thirty (30) days of the date of entry of this Order. If no exceptions are entered, the Chief Clerk may enter judgment for the Commonwealth.