560 A.2d 842

**In the Matter of the ESTATE OF Rosalie K. NEISS.**

**Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1989.

Decided June 13, 1989.

---

574

Arthur F. McNulty, Asst. Counsel, Harrisburg, for appellant.

Lloyd R. Persun, Shearer, Mette, Evans & Woodside, Harrisburg, for appellee.

Before CRAIG and McGINLEY, (P.), JJ., and NARICK, Senior Judge.

CRAIG, Judge.

The Department of Revenue appeals a decision of Judge Lee F. Swope of the Court of Common Pleas of Dauphin County which set aside an order of the department's Board of Finance and Revenue and directed the board to pay a refund of transfer inheritance tax to the estate of Rosalie K. Neiss.

Rosalie K. Baldwin, the executrix of the Neiss estate, filed a Taxpayer Inheritance Tax Return with the Dauphin County Register of Wills on May 23, 1986. That return included, as a taxable asset, the value of Neiss' employee retirement plan. Ms. Neiss' employer had invested Neiss' interest in the retirement plan in the employer's stock fund.

The Department of Revenue issued to the estate a notice of Inheritance Tax Appraisement which accepted the Inheritance Tax Return as filed. The estate never appealed that

assessment, but instead, after the assessment appeal limitation period had expired, filed a Petition for Refund with the Board of Finance and Review for the tax paid on the retirement plan stocks, and for accrued interest on that amount, apparently after determining that that asset is not taxable under the inheritance tax law.

■ There appears to be no dispute concerning the fact that this asset is not taxable under the Inheritance and Estate Tax Act. The Department and the estate stipulated that the asset in question was a retirement plan, the interest in which the decedent, before her death, had no right to possess, enjoy, assign or anticipate. Stipulation of Facts Nos. 9 and 10, Reproduced Record, p. 27a. Under 72 Pa.C.S. § 1711(r), such an asset is not taxable.

The board refused to make the refund, asserting that 72 Pa.C.S. § 1786, the assessment appeal provision of the Inheritance and Estate Tax Act (Act), provides the exclusive remedy for challenges to an inheritance tax assessment. On appeal to the Dauphin County Court of Common Pleas, the trial court judge concluded that the refund provision of the Act, 72 Pa.C.S. § 1781, provides an alternative to the assessment appeal provision for parties contesting an allegedly erroneous tax assessment.

■ The sole issue we must address is whether a taxpayer who fails to appeal an inheritance tax assessment within the statutory time period may petition for a refund for the overpayment of taxes because the assessment erroneously included tax on a non-taxable asset. We note initially that Pennsylvania courts recognize the general principle that a party may not seek a refund of taxes paid except as provided by statute. *Reed v. Commonwealth*, 107 Pa.Commonwealth Ct. 434, 528 A.2d 699 (1987).

The assessment appeal provision reads as follows:

§ 1786. **Protest, notice and appeal**

(a) **General rule.**—Any party in interest, including the Commonwealth and the personal representative, not satisfied with the appraisement, the allowance or disallowance

of deductions, the assessment or tax ... within 60 days after receipt of notice of the action complained of may:

(1) file with the department a written protest....

(2) notify the register in writing that he elects to have the correctness of the action complained of determined at the audit of the account of the personal representative; or

(3) appeal to the court to have the correctness of the action complained of determined at the audit of the account of the personal representative, or at a time the court shall fix.

The refund provision of the Act states:

**§ 1781.  Refund of tax**

**(a) When refunds will be made.**—A refund shall be made of any tax which the Commonwealth is not rightfully or equitably entitled provided the Commonwealth determines the refund is due or application for refund is made within the appropriate time limit as set forth in subsection (d).

. . . .

**(d) Time for claiming refund.**—Application for refund of tax shall be made within two years after:

(1) the court has rescinded its order and adjudication of presumed death when the refund is claimed for tax paid on the transfer of the estate of a presumed decedent who is later determined to be alive;

(2) termination of litigation establishing a right to a refund.  No application for refund shall be necessary when the litigation has been with the Commonwealth over liability for the tax or the amount of tax due;

(3) it has been finally determined that the whole or any part of an alleged deficiency, asserted by the Federal Government beyond that admitted to be payable, and in consequence of which an estate was paid under section 1717 (relating to estate tax) was not payable;

(4) Repealed.  1985, July 1, P.L. 78, No. 29, § 15, imd. effective.

(5) the date of payment, or the date of the notice of the assessment of the tax, or the date the tax becomes delinquent, whichever occurs later, in all other cases.

(e) **To whom application for refund shall be made.**—An application for refund of tax shall be made to the Board of Finance and Revenue.

Thus, according to section 1781, the board may order a refund of taxes paid to which the Commonwealth is not equitably or rightfully entitled if the Commonwealth determines that the refund is due or if the application for refund is made within the two-year time periods described in subsection (d), clauses (1)–(5).

Section 1781 formerly appeared at, and is substantively identical to, 72 P.S. §§ 2485–901—2485–907, Act of June 15, 1961, P.L. 373. As noted in the Joint State Government Commission's 1963 Report on the Inheritance and Estate Tax Act of 1961, the legislature derived the present refund provision from earlier tax legislation. Therefore, a review of that legislation is helpful to our analysis.

The Act of June 20, 1919, P.L. 521, art. IV, § 40, formerly appearing at 72 P.S. § 2444, served as one of the sources of the present refund statute:

In all cases where any amount of such tax is paid erroneously, the State Treasurer, on satisfactory proof rendered by the register of wills or Auditor General of such erroneous payment, may refund and pay over to the person paying such tax the amount erroneously paid. All such applications for the repayment of such tax erroneously paid in the treasury shall be made within two years from the date of payment, . . . .

Section 2444 continues, describing situations, similar to those listed in the present refund statute, which will delay the running of the usual two-year limitation period for refund applications.

Fiscal Code § 503(a), Act of April 9, 1929, P.L. 343, art. V, 72 P.S. § 503, to which the report refers, is the statute that defines the Board of Finance and Revenue's general power

with regard to refunds of state tax. The "rightful and equitable" language, which the refund provision now contains, first appeared in section 503(a). That section of the Fiscal Code removed refund jurisdiction from the register of wills and the Auditor General, and gave that power to the board.

Section 503(a) of the Fiscal Code reads as follows:

The jurisdiction of the board of Finance and Revenue to hear and determine a petition for refund, as aforesaid, shall not be affected or limited (I) by the fact that proceedings for review by the [board] or appeal to the Commonwealth Court, involving the same tax or bonus and period for which a refund is sought, are pending, have been withdrawn, or have been otherwise closed, provided such proceedings relate to other objections than those raised in the petition for refund, or providing such petition for refund is based upon a final judgment or decision of court of competent jurisdiction ..., or (II) the fact that a petition for resettlement or reassessment involving the same tax or bonus and period and involving either the same or different questions than those raised in the petition for refund is pending has been withdrawn or otherwise closed. All such petitions or refund must be filed with the board within two years of the settlement in the case of taxes or bonus, whichever period last expired. . . .

In *Calvert Distillers Corporation v. Board of Finance and Revenue*, 376 Pa. 476, 103 A.2d 668 (1954), the Pennsylvania Supreme Court considered section 503(a). The court held that a taxpayer could petition for a refund of erroneously paid taxes only if the petition is filed within the two-year limitation period.

In interpreting section 503(a), this court, in *Broomall Terrace, Inc. v. Commonwealth of Pennsylvania*, 46 Pa. Commonwealth Ct. 577, 406 A.2d 1212 (1979), recognized that:

While two distinct procedures are statutorily prescribed to contest action of the taxing authorities in Section 503

(petition for refund) and Section 1103 (petition for review) of the Fiscal Code, if the latter is first employed the former is unavailable to relitigate the same issue.

46 Pa.Commonwealth Ct. at 581, 406 A.2d at 1214 (footnote omitted).

■ We recognize that the Fiscal Code and the Inheritance Tax Act are separate and distinct legislative enactments and that the Inheritance Tax Act contains no specific provision similar to that in section 503(a) referring to the alternative remedy of the assessment provision. However, we believe the statutory history of the Inheritance Tax Act, outlined above, supports a determination that the Act allows a taxpayer the choice of pursuing either an assessment appeal or application for refund in order to make the taxpayer's ultimate liability and the Commonwealth's entitlement certain.

As noted above, the board has jurisdiction to order a refund under section 503, even though the taxpayer could have challenged an assessment under section 1103. Likewise, in our opinion, the board may exercise the power to determine that a refund is due under section 1781 of the Inheritance Tax Act when a taxpayer establishes that the Commonwealth is not entitled to the tax even though the taxpayer did not appeal the assessment.

We believe that the legislature, in amending the inheritance tax act to include the "equitable and rightful entitlement" language of section 503, intended to provide taxpayers with an alternative means of seeking a refund of taxes paid, but not owed, to the Commonwealth. Of course, the taxpayer carries the burden of establishing that the state is not entitled to the tax. The board may grant an application for a refund only if the taxpayer satisfies that burden.

In light of that interpretation, we also believe that *Department of Revenue Appeal (Estate of Edna Welsh)*, 97 Pa.Commonwealth Ct. 588, 510 A.2d 850 (1986), upon which the department relies, and *Heberton Estate*, 351 Pa. 564, 41

A.2d 654 (1945), upon which this court relied in *Welsh,* are distinguishable from the facts before us.

Initially, we note that *Heberton* was decided before the legislature amended the Inheritance Tax Act's refund provision to include section 503(a)'s equitable and rightful language. The *Heberton* court only considered whether the Commonwealth could compel additional tax payments for assets erroneously excluded from an assessment through the statutory reassessment provision. The court did not consider the taxpayer's rights under the present refund provision.

In *Welsh,* the Commonwealth failed to appeal an appraisement of an asset taxed at a rate lower than the rate provided in the Act. Thus, even though the law undeniably provided for the higher rate, and despite the fact that neither the department nor the taxpayer disputed that rate, this court held that the *Commonwealth's* failure to appeal made the assessment binding on the state. The court held that the taxpayer satisfied the burden of establishing that the Commonwealth was not equitably or rightfully entitled to retain the tax the state collected by showing that the Commonwealth did not appeal the original assessment, and was thus bound by that assessment.

Although the court in *Welsh,* relying on *Heberton,* suggests that an unappealed assessment will bind both the Commonwealth and the taxpayer, the express terms of the refund provision grants taxpayers, but not the Commonwealth, an alternative method of settling ultimate tax liability. Thus, if a taxpayer who fails to appeal an assessment can demonstrate in a refund application that the Commonwealth is not entitled to the tax paid, the board has the power to issue a refund.

We emphasize that the cases the court relies upon in *Welsh* were decided before the legislature changed the Inheritance Tax Act to include Fiscal Code section 503's "equitably and rightfully entitled" language. Therefore, we conclude that a taxpayer may petition for a refund for taxes paid to the Commonwealth if the taxpayer did not

contest the same issue under the assessment appeal provision.

■ The Neiss estate also requests costs and attorney fees from the department. As provided in the Judicial Code, 42 Pa.C.S. § 1726, and the guidelines adopted by the Supreme Court in Pa.R.A.P. 2741(2), this court may order the Department of Revenue to pay to the estate costs associated with the Department's unsuccessful appeal to this court. In particular, the estate requests $35.00 for filing the statutory appeal from the board to the Court of Common Pleas of Dauphin County and $132.75 for the costs incurred in making copies of briefs submitted to the trial court and this court.

■ As provided by Pa.R.A.P. 2741, a successful party on appeal may recover the cost of reproducing briefs, Pa.R.A.P. 2742. *Westinghouse Electric Corporation v. Board of Assessment Appeals of Delaware County*, 72 Pa.Commonwealth Ct. 199, 456 A.2d 694 (1983).

However, although the trial court acts as an appellate forum in appeals from the board, the rules of appellate procedure which provide for recovery of costs do not encompass costs of statutory appeals to the trial court,[1] except as provided in Pa.R.A.P. 2771. The other rules provide only for costs incurred in appeals to state appellate courts. Thus, the estate is entitled to the cost of producing copies of briefs to this court.

■ However, we decline to direct an award for attorney's fees. Pa.R.A.P. 2744 provides that an appellate court may award attorneys fees if it determines that the appeal is frivolous or taken solely for delay, or if the party against whom the costs are to be assessed is dilatory, obdurate or vexatious. We cannot conclude that the Department's appeal falls within the bounds of that rule.

1. The Rules of Appellate Procedure do not apply to courts of common pleas unless the county court specifically adopts them. *Appeal of Farrell*, 69 Pa.Commonwealth Ct. 32, 450 A.2d 266 (1982).

The estate also argues that we should award attorney's fees under 42 Pa.C.S. § 2503(8) or (10) which provide:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable cost of the matter:

. . . .

(8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.

. . . .

(10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted.

The estate contends that the Act of Dec. 13, 1982, P.L. 1127, § 3, *as amended,* 71 P.S. § 2033(a), which requires Commonwealth agencies to award certain fees and expenses in some agency actions, provides the necessary statutory authority that 42 Pa.C.S. § 2503(10) requires for this court to assess attorney's fees to the department. We disagree. Section 2033(a) only allows this court to award costs when a Commonwealth agency initiates an adversary adjudication. However, an adjudication, as defined in 2 Pa.C.S. § 101, excludes "any order based upon a proceeding before a court".

In this case, the taxpayer initiated the proceeding before the board and appealed that decision to the court of common pleas. The department's appeal to this court is not the type of adjudication contemplated in 71 P.S. § 2033. Although section 2033(f) appears to allow fees when a party appeals the adjudication to the court which has jurisdiction over appeals from the agency (the trial court in this case), costs may not be assessed if the agency's position was substantially justified. We conclude that the department acted reasonably in litigating the issue we have addressed. Therefore, we will not assess attorney fees to the department.

Furthermore, we cannot award counsel fees under 42 Pa.C.S. § 2503(8). In *Pennsylvania Association of State*

*Mental Hospital Physicians v. State Employees' Retirement Board,* 87 Pa.Commonwealth Ct. 108, 483 A.2d 1003 (1984), Judge Blatt, writing for this court, stated:

[W]hile it is true that 'the "common fund" exception is narrowly applied and usually invoked ... when the "fund" itself is before the court', the United States Supreme Court has held that the awarding of counsel fees is not so restricted where successful litigation of the underlying suit resulted in a substantial benefit to a 'group of others in the same manner as [plaintiff]'. Additionally, our Supreme Court in Bata recognized that equity permits the imposition of counsel fees when justice compels such a result.

Here, the underlying suit insured the correct administration of the State Employees' Retirement Fund with respect to part-time state employees who received an annual salary prior to March 1, 1974 and, as a result of the suit, vesting and retirement benefit rights which had been wrongfully taken from class members were sustained.

We are not convinced that the taxes the department collects, or the source from which the department pays refunds is the type of fund the legislature intended to include in 42 Pa.C.S. § 2503(8). Clearly, there is no specific fund before the court. Also, in our opinion, the type of "common fund", such as that discussed in *Pennsylvania Association of State Mental Hospital Physicians,* which the "common fund" doctrine recognizes, is one established for a particular purpose and for a narrowly specified group of beneficiaries, like retirees, rather than a general statutory provision regarding the allocation of funds from which the State Treasurer issues refunds to the broad class of people known as taxpayers.

As provided in Pa.R.A.P. 2762, the Neiss Estate should file a bill of costs, in accordance with this opinion, with the Prothonotary of the Dauphin County Court of Common Pleas to serve the department with the bill of costs.

## ORDER

NOW, June 13, 1989, the order of Judge Lee F. Swope of the Court of Common Pleas of Dauphin County, dated May 5, 1988, at No. 197 of 1986 is affirmed. Costs shall be determined in accordance with the foregoing opinion.